**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| ANGELA BROOKS-NGWENYA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-02631-TWP-TAB |
| ) | |
| DUNCAN PAT PRITCHETT, MARY JO DARE, ) | |
| THELMA MCKINNEY, INDIANAPOLIS ) | |
| PUBLIC SCHOOLS, and PRITCHETT ) | |
| EDUCATION CONSULTING, ) | |
| ) | |
| Defendants. ) | |

**ENTRY SCREENING THE AMENDED COMPLAINT AND DIRECTING SERVICE**

In its Entry of October 19, 2021, the Court granted *pro se* Plaintiff Angela Brooks-Ngwenya's ("Plaintiff") motion to proceed *in forma pauperis*, screened her Complaint, and directed her to correct her pleading deficiencies by filing an amended complaint no later than November 12, 2021, or her action would be dismissed for lack of subject-matter jurisdiction ([Filing No. 4](#)). On November 3, 2021, Plaintiff filed an Amended Complaint, styled as a "Motion to Submit Amended Complaint for Damages, Exhibits & USB Disk in Support." ([Filing No. 6](#).) The Court previously directed Plaintiff to file an amended complaint (*see* [Filing No. 4](#)), so the "Motion to Submit Amended Complaint" is **granted**.

Because Plaintiff's case is proceeding *in forma pauperis*, the action is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining

whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

In this civil action, *pro se* Plaintiff has filed an Amended Complaint against Defendants Duncan Pat Pritchett, Mary Jo Dare, Thelma McKinney, Indianapolis Public Schools, and Pritchett Education Consulting (collectively, "Defendants"). Plaintiff alleges claims of copyright infringement, intentional infliction of emotional distress, and breach of contract based upon Plaintiff's development of an educational program (Transitioning Into Responsible Students ("TIRS")) and the Defendants' unauthorized use of the TIRS program without her consent. Plaintiff alleges that the Defendants' copyright infringement of her TIRS program began in 2002 and has continued into 2021 ([Filing No. 6 at 2](#)–4).

Plaintiff further alleges that the Defendants' conduct in relation to her school employment and TIRS program in 2002, 2003, and 2004 caused her to suffer severe emotional distress. *Id.* at 4–11. Defendants entered into an oral and written agreement with her in 2002 concerning piloting her TIRS program. *Id.* at 11. She "piloted TIRS for one year and eight months. After Plaintiff completed the pilot program; IPS Administrators breached the TIRS Proposal and terminated Plaintiff." *Id.*

At this time, the Court has not determined that the claim of copyright infringement must be dismissed pursuant to § 1915(e), therefore Plaintiff's claim of copyright infringement **shall proceed**. This ruling is without prejudice to the filing of a proper Rule 12 motion.

Plaintiff's claims of intentional infliction of emotional distress and breach of contract must be **dismissed with prejudice** based upon the statute of limitations for such claims (two years for intentional infliction of emotional distress claim and ten years for breach of contract claim). The claim of intentional infliction of emotional distress is based upon conduct in 2002, 2003, and 2004, which is well outside the two-year period for bringing such a claim. The claim of breach of contract is based upon conduct in 2002 and as late as 2004, which also is well outside the ten-year period for bringing such a claim.

Because Plaintiff is proceeding *in forma pauperis*, Federal Rule of Civil Procedure 4(c)(3) requires the Court to order service for her. Accordingly, the Clerk is **designated** pursuant to Rule 4(c)(3) to issue process to Defendants Duncan Pat Pritchett, Mary Jo Dare, Thelma McKinney, Indianapolis Public Schools, and Pritchett Education Consulting in the manner specified by Rule 4(d). Process shall consist of the Amended Complaint (Filing No. 6) and its attachments, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**SO ORDERED.**

Date: 1/6/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Angela Brooks-Ngwenya
4731 Glenmary Dr.
Fort Wayne, IN 46806

Indianapolis Public Schools
Pritchett Education Consulting
Duncan Pat Pritchett
Mary Jo Dare
Thelma McKinney
120 East Walnut Street
Indianapolis, IN 46204