UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANGELA BROOKS-NGWENYA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-02631-TWP-TAB |
| | ) | |
| DUNCAN PAT PRITCHETT, MARY JO DARE, | ) | |
| THELMA MCKINNEY, INDIANAPOLIS | ) | |
| PUBLIC SCHOOLS, and PRITCHETT | ) | |
| EDUCATION CONSULTING, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of

Civil Procedure 12(b)(6) by Defendants Board of School Commissioners of the City of Indianapolis

("IPS"),[1] Duncan Pat Pritchett, Mary Jo Dare, and Thelma McKenny (collectively "Defendants"),

(Filing No. 13).   *Pro se* Plaintiff Angela Brooks-Ngwenya, ("Plaintiff"), filed an Amended

Complaint against Defendants alleging copyright infringement, intentional infliction of emotional

distress, and breach of contract, (Filing No. 6).   On screening, the Court dismissed the intentional

infliction of emotional distress and breach of contract claims as barred by the statute of limitations.

The Court allowed the copyright claim to proceed, (Filing No. 8).   Also pending is Plaintiff's Motion

for Appointment of Counsel, (Filing No. 20), and Motion to Submit Plaintiff's Case Management

Plan, (Filing 25).   For the following reasons, Defendants' Motion to Dismiss is **granted** and

Plaintiff's motions are **denied**.

---

[1] Plaintiff named this defendant as "Indianapolis Public Schools" but Defendants indicate that "Board of School Commissioners of the City of Indianapolis" is the proper party. Plaintiff also names Pritchett Education Consulting in the caption of her Amended Complaint but provides no address or other information for that entity, nor does she refer to any actions by that entity in her Amended Complaint.

# I.  PLAINTIFF'S LITIGATION HISTORY

Because the discussion in this case is better understood in the context of Plaintiff's previous lawsuits, the Court will first address Plaintiff's litigation history.[2]

Plaintiff was employed by IPS from approximately October 1998 until October 2003, when she was "forced to quit [her] job" and Defendants did not rehire her.  (Filing No. 6 at 7.)  Since that time, she has variously sued IPS, its employees, and related entities eight times in this Court, four times in the Northern District of Indiana, and has instituted at least five appeals in the United States Court of Appeals for the Seventh Circuit.[3]

Plaintiff's first case resulted in a settlement in which Plaintiff received $5,000.00 and released IPS from all claims arising out of her employment, with the exception of claims then pending in state court.  *See Brooks-Ngwenya v. Indy Public Schools*, No. 1:04-cvc-01980-SEB-VSS (S.D. Ind. July 6, 2005); *see also* Filing 6-2.  The state court case was ultimately removed to this court, *Brooks-Ngwenya v. Thompson, et al.*, No. 1:05-cv-01469-LJM (S.D. Ind.).  In that action, Plaintiff brought various state law claims against IPS and its employees, along with a federal claim for copyright infringement of an educational model Plaintiff had developed during her employment. The Court dismissed the state law claims without prejudice and dismissed the copyright claim with prejudice.  *Id.* (Order dated March 3, 2006).  On appeal, the Seventh Circuit affirmed with the

---

[2] The Court may take judicial notice of filings in other lawsuits. *See Parungoa v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) ("Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned").

[3] *Brooks-Ngwenya v. Indy Public Schools*, No. 1:04-cvc-01980-SEB-VSS (S.D. Ind.); *Brooks-Ngwenya v. Thompson, et al.*, No. 1:05-cv-01469-LJM (S.D. Ind.), *aff'd* 06-2188 (7th Cir.); *Brooks-Ngwenya v. Indpls. Public Schools*, No. 1:07-cv-00067-SEB-JMS (S.D. Ind.), *aff'd* 08-1973 (7th Cir.); *Brooks-Ngwenya v. Indianapolis Public Schools*, No. 1:11-cv-00483-SEB-DKL (S.D. Ind.); *Brooks-Ngwenya v. Indianapolis Public Schools*, No. 1:13-cv-00152-RLY-DKL (S.D. Ind.); *Brooks-Ngwenya v. The Mind Trust, et al.*, No. 1:15-cv-00255-JD-SLC (N.D. Ind.), *transferred to S.D. Ind.*; *Brooks-Ngwenya v. The Mind Trust et al.*, 1:15-cv-01648-JMS (S.D. Ind.); *Brooks-Ngwenya v. National Heritage Academies, Inc.*, No. 1:15-cv-00183-PPS-SLC (N.D. Ind.), aff'd 17-1236 (7th Cir.); *Brooks Ngwenya v. Bart Peterson's The Mind Trust, et al.*, No. 1:16-cv-00193-PPS-SLC; *Brooks-Ngwenya v. Shula*, No. 1:18-cv-00064-WCL-PRC (N.D. Ind.), *transferred to S.D. Ind.*; *Brooks-Ngwenya v. Shula*, No. 1:18-cv-00907-TWP-MPB (S.D. Ind.), *aff'd*, 18-2349 (7th Cir.), *reh'g denied, reh'g en banc denied*, 18-2545 (second appeal), *dismissed* (7th Cir.); *Brooks-Ngwenya v. Pritchett*, No. 1:21-cv-02631-TWP-TAB (S.D. Ind.) (instant case), *pending*.

exception of the copyright claim, finding it should have been dismissed without prejudice because Plaintiff could bring the claim again after she registered her work with the Copyright Office. *Brooks-Ngwenya v. Thompson, et al.*, No. 06-2188 (7th Cir. Oct. 17, 2006).

Plaintiff then filed a new suit in this Court, alleging copyright infringement and reasserting employment-related claims. The Court found that the employment-related claims were barred by the earlier settlement agreement, and that Plaintiff had not submitted evidence that her copyright registration was complete prior to instituting the lawsuit. *Brooks-Ngwenya v. Indpls. Public Schools*, No. 1:07-cv-00067-SEB-JMS (S.D. Ind. Mar. 20, 2008) (granting summary judgment to defendants).  On appeal, the Seventh Circuit found that Plaintiff did not have to show her registration was complete before bringing suit, only that her copyright application had been made. Nevertheless, the court affirmed the district court's grant of summary judgment on another ground—namely, that Plaintiff "had not shown that the form of words in which she embodied her ideas was copied." *Brooks-Ngwenya v. Indpls. Public Schools*, No. 08-1937 at 8 (7th Cir. 2009). As the court explained, "[c]opyright protection does not 'extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.'" *Id.* (citing 17 U.S.C § 102(b); *Publications Int'l, Ltd. v. Meredith Corp.*, 88 F.3d 473, 479 (7th Cir. 1996); *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507 (7th Cir. 1994).  In other words, Plaintiff cannot monopolize an idea or concept for educating students, and she had not shown that the defendants had copied the "form of words in which she embodied her ideas." *Id.*

Approximately twelve years later, Plaintiff resumed litigating the same claims, and her case was dismissed on grounds of *res judicata*. *Brooks-Ngwenya v. Indianapolis Public Schools*, No. 1:11-cv-00483-SEB-DKL (S.D. Ind. Sept. 26, 2012).  The doctrine of *res judicata* prohibits parties from bringing repetitive litigation and applies where there is "(1) an identity of the parties or their

privies; (2) an identity of the cause of action; and (3) a final judgment on the merits [in the earlier action]." *Prochotsky v. Baker & McKenzie*, 966 F.2d 333, 334 (7th Cir. 1992). Judge Barker found that the final judgment issued in Case No. 1:07-cv-00067-SEB-JMS operated to bar Plaintiff's claims in the case.

Five days later, Plaintiff filed yet another lawsuit against IPS, asserting claims previously decided and claims barred by the statute of limitations. IPS moved to dismiss, and the court granted the motion. IPS also sought sanctions against Plaintiff under Fed. R. Civ. P. 11 for filing a frivolous lawsuit. *Brooks-Ngwenya v. Indianapolis Public Schools*, No. 1:13-cv-00152-RLY-DKL (S.D. Ind. Mar. 14, 2014). The court denied the motion for sanctions, but provided a stern admonition to Plaintiff:

> [I]t appears to the court that Plaintiff does not understand the concept of finality in the federal court system. The court, therefore, informs the Plaintiff, in no uncertain terms, that **her claims against IPS, which have been previously litigated and finally concluded by way of a final judgment, may not be relitigated in a court of law ever again.** This is true even if, as is the case here, the Plaintiff honestly believes she was wronged by IPS and members of its administration and that final judgment should have been in her favor. Thus, if Plaintiff files another Complaint in this court against IPS which asserts the same claims, the court will dismiss it based on *res judicata*. In addition, the court will revisit whether Rule 11 sanctions are warranted. At this juncture, however, the court will give Plaintiff the benefit of the doubt, and DENY IPS' Motion for Sanctions.

*Id.* at 3-4 (emphasis added).

In September 2015, Plaintiff again filed suit concerning the previously dismissed claims and added a few additional defendants, and filed in a different court – the Northern District of Indiana. *Brooks-Ngwenya v. The Mind Trust*, No. 1:15-cv-00255-JD-SLC (N.D. Ind. filed Sept. 11, 2015). The case was transferred to this district, which again dismissed it. *Brooks-Ngwenya v. The Mind Trust*, No. 1:15-cv-01648-JMS-DKL (S.D. Ind. Feb. 2, 2016).

Three months later, Plaintiff was back in the Northern District of Indiana, suing a new defendant on three claims related to the use of her educational materials: contributory copyright

infringement, intentional infliction of emotional distress, and breach of contract. *Brooks-Ngwenya v. National Heritage Academies, Inc.*, No. 1:16-cv-00183-PPS-SLC (N.D. Ind. filed May 26, 2016). That case was dismissed on January 6, 2017. Plaintiff appealed. After the district court certified her appeal as not taken in good faith and denied her motion to proceed on appeal *in forma pauperis*, she voluntarily dismissed the appeal. *Brooks-Ngwenya v. National Heritage Academies, Inc.*, No. 17-1236 (7th Cir. Apr. 24, 2017).

While that case was pending, Plaintiff filed another case in the Northern District of Indiana, this time naming fifteen defendants including the former mayor of Indianapolis, "Mayor Sponsored Charter Schools," the U.S. Conference of Mayors, Indiana Parks and Recreation, the Chicago Housing Authority, the National League of Cities, and the Indiana Department of Education. *Brooks-Ngwenya v. Bart Peterson's The Mind Trust*, Case No. 1:16-cv-00193-PPS-SLC (N.D. Ind. filed June 6, 2016). She recycled the same claims previously advanced, which were, unsurprisingly, dismissed again.

Less than a year after that dismissal, Plaintiff sued seventeen defendants – including the defendants she has named in the instant case – on essentially the same claims. *Brooks-Ngwenya v. Shula*, Case No. 1:18-cv-00064-WCL-PRC (N.D. Ind. filed Mar. 19, 2018). The case was transferred to this district and dismissed on screening. *Brooks-Ngwenya v. Indianapolis Public Schools Education Foundation, Inc.*, Case No. 1:18-cv-00907-WTL-MPB (S.D. Ind. May 14, 2018). Plaintiff was denied leave to proceed on appeal *in forma pauperis* three times, finally paid the appellate filing fee, and filed two appeals from that judgment. The second appeal was dismissed as untimely. *Brooks-Ngwenya v. Indianapolis Public Schools Education Foundation, Inc.*, No. 18-2545 (7th Cir. Aug. 27, 2018). The first appeal resulted in affirmance of the district court. *Brooks-Ngwenya v. Indianapolis Public Schools Education Foundation, Inc.*, No. 18-2349 (7th Cir. Sept. 4, 2019). The Seventh Circuit noted that Plaintiff's "only factual allegation is that the new

defendants helped the Schools implement the very program that **we have already ruled did not infringe on any copyright belonging to [her].**" *Id.* at 2 (emphasis added).  The court added the following warning to Plaintiff:

> Further appeals of dismissals of claims that [Plaintiff] has previously litigated or new litigation on these same issues may result in sanctions. Failure to pay them may lead to an order under *Support Systems International, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995), forbidding her from filing papers in any court within this circuit.

*Id.*  Despite her failure on appeal, Plaintiff filed post-judgment motions in the district court for more than three years – and continued to do so even after she filed the instant case.

## II.   LEGAL STANDARD

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).  In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).  To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).  To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

As is particularly relevant here, dismissal under 28 U.S.C. § 1915(e)(2)(B) is proper "when it is clear from the face of the complaint that res judicata bars the claims." *Atherton v. St. Vincent Hospital*, 774 Fed. Appx. 304, 305 (7th Cir. 2019). *Res judicata* precludes a subsequent claim after there has been a final judgment on the very same claim and precludes "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (citation omitted). "By precluding parties from contesting matters that they have had a full and fair opportunity to litigate," *res judicata* "protect[s] against the expense and vexation attending multiple lawsuits, conserve[s] judicial resources, and foster[s] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.*

*Pro se* complaints such as that filed by Plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## III.   **DISCUSSION**

Defendants argue that Plaintiff's complaint should be dismissed in its entirety as barred by *res judicata*, citing much of Plaintiff's previous litigation outlined above. (Filing No. 14 at 3.) Defendants also ask the Court to impose sanctions on Plaintiff for failing to heed the Seventh Circuit's 2019 admonition against filing repetitive lawsuits.  Defendants contend "[i]t is a waste of IPS' time to continue to brief the same issue which Brooks-Ngwenya has litigated repeatedly for the last several years, and a waste of judicial resources for the Courts to entertain it."  (Filing No. 14 at 6.)

In response, Plaintiff argues that *res judicata* does not apply to her copyright infringement claim because in her 2006 appeal, the Seventh Circuit modified this Court's dismissal of the

copyright claim to without prejudice and stated, "[w]e do not see any indication that a fresh copyright suit would be untimely." *Brooks-Ngwenya v. Thompson, et al.*, No. 06-2188 at 2 (7th Cir. Oct. 17, 2006). (Filing No. 21 at 8.) What Plaintiff fails to recognize is that she *did* bring a fresh copyright suit (in fact, several of them) and all of those were decided against her on the merits. The end result is that Plaintiff had an opportunity to litigate her copyright claims, she lost in 2008, and the summary judgment entered against her in Case No. 1:07-cv-00067-SEB-JMS was a decision on the merits, which barred further suits on the same issue against the same parties or their privies. Further, less than two years ago, the Seventh Circuit reminded Plaintiff that any copyright in the educational program she developed <u>was not infringed</u> by the actions of these and other defendants. *Brooks-Ngwenya v. Indianapolis Public Schools Education Foundation, Inc.*, No. 18-2349 (7th Cir. Sept. 4, 2019).

Plaintiff further argues that Defendants committed fraud on the courts by not adhering to the original settlement agreement in her first case in this Court, which permitted her then-pending Marion County case to proceed. But that is not true. The Marion County case did proceed, and Defendants removed the case to this Court which Plaintiff did not contest at the time and which was perfectly lawful under 28 U.S.C. § 1446. As noted above, the copyright claim was litigated in the removed case, *Brooks-Ngwenya v. Thompson, et al.*, No. 1:05-cv-01469-LJM (S.D. Ind.), which led to the Seventh Circuit's opinion in 2006 that this Court improperly dismissed the claim without prejudice and advised that Plaintiff could bring the copyright claim again – **which she did**. Accordingly, dismissal of this action is proper.

Plaintiff's response does not address or even acknowledge Defendants' request for sanctions. The Court notes that Plaintiff has already been warned by the Seventh Circuit about her filing practices. This Court previously warned her as well, but gave her the "benefit of the doubt." *Brooks-Ngwenya v. Indianapolis Public Schools*, No. 1:13-cv-00152-RLY-DKL (S.D. Ind. Mar. 14, 2014).

The Court will take the matter of sanctions against Plaintiff under advisement.  Any order imposing sanctions may issue in a separate matter.

### III.  <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss (Filing No. 13) and **DISMISSES this case with prejudice**.  Plaintiff's Motion for Appointment of Counsel (Filing No. 20), and Motion to Submit Plaintiff's Case Management Plan (Filing No. 25), are **DENIED AS MOOT**.  **This case is CLOSED**.

The matter of sanctions against Plaintiff is taken under advisement by the undersigned in her capacity as Chief Judge of this Court.

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date:  4/21/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Angela Brooks-Ngwenya
4731 Glenmary Drive
Fort Wayne, Indiana  46806

Caren L. Pollack
POLLACK LAW FIRM, P.C.
cpollack@pollacklawpc.com